```
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP      JS-6
  A Limited Liability Partnership
  Including Professional Corporations
JILL M. PIETRINI, Cal. Bar No. 138335
   jpietrini@sheppardmullin.com
PAUL A. BOST, Cal. Bar No. 261531
   pbost@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701
```

*Attorneys for Plaintiff*
GERAWAN FARMING, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Gerawan Farming, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Prima Agrotrading, S.A., <br><br> Defendant. | Case No.  2:10-cv-07778-SJO-MAN <br><br> **STIPULATED JUDGMENT AND PERMANENT INJUNCTION** |

IT IS HEREBY STIPULATED by and between plaintiff Gerawan Farming, Inc., a corporation of the State of California ("Plaintiff"), and defendant Prima Agrotrading, S.A, a corporation of Chile ("Defendant"), that a Judgment shall be entered to fully and finally dispose of this action and that the Judgment be as follows:

WHEREAS, Plaintiff is the owner of the PRIMA mark in block letters and the PRIMA and PRIMA READY READY TO EAT trademarks shown below for various goods and services and owns the following trademarks for various goods and services and the registrations issued by the United States Patent & Trademark Office ("PTO") shown below:

| MARK | CLASS: GOODS | REG. NO./ REG. DATE | STATUS |
|---|---|---|---|
| PRIMA | **Class 31:** Fresh fruits, namely, table grapes, peaches, plums, nectarines, and apricots | 1,441,378<br><br>6/2/87 | Renewed Incontestable Registration |
| PRIMA SWEET PERSONALLY SELECTED | **Class 31:** Fresh grapes, peaches, nectarines, plums and apricots | 1,585,993<br><br>3/6/90 | Renewed Incontestable Registration |
| PrimaTRAK | **Class 35:** Computer services, namely providing an online interactive database for the planning and scheduling of shipments of commodities and for the reporting of sales and accounting therefor; information on a variety of topics relevant to the planning and scheduling of shipments of commodities, namely economic and commodities production forecasts and market research | 3,089,809<br><br>5/9/06 | Registered |

| MARK | CLASS: GOODS | REG. NO./ REG. DATE | STATUS |
|---|---|---|---|
| PRIMATRAK | **Class 35:** Computer services, namely providing an online interactive database for the planning and scheduling of shipments of commodities and for the reporting of sales and accounting therefor; information on a variety of topics relevant to the planning and scheduling of shipments of commodities, namely economic and commodities production forecasts and market research | 3,089,808

5/9/06 | Registered |
| PRIMA | **Class 20:** Non-metal pallets | 3,789,495

5/18/10 | Registered |
| PRIMA (logo) | **Class 20:** Non-metal pallets | 3,789,494

5/18/10 | Registered |
| PRIMA (logo) | **Class 31:** Fresh fruits | 3,592,505

3/17/09 | Registered |
| PrimaREADY Ready to Eat (logo) | **Class 31:** Fresh fruits | 3,833,518

8/17/10 | Registered |

which are collectively referred to herein as the "PRIMA Marks;"

WHEREAS, on October 18, 2010, Plaintiff filed its Complaint in this action against Defendant;

WHEREAS, in its Complaint, Plaintiff alleged that Defendant was using the

-3-

PRIMA mark in interstate commerce in conjunction with their sale and importation of fresh produce without the consent of Plaintiff;

WHEREAS, on November 7, 2011, Defendant was properly served with the Complaint, Summons, and accompanying documents via the Inter-American Convention on Letters Rogatory, to which both the United States and Chile are both parties;

WHEREAS, on February 29, 2012, Plaintiff filed the proof of service of the Complaint, Summons, and accompanying documents on Defendant with the Court (Docket No. 15);

WHEREAS, on March 1, 2012, Plaintiff filed a request for entry of default as to Defendant by the Court's clerk (Docket No. 16);

WHEREAS, on March 16, 2012, the Court found good cause for the clerk's entry of default (Docket No. 18) and the Court entered default as to Defendant (Docket No. 19);

WHEREAS, Plaintiff and Defendant have entered into a settlement agreement dated March 8, 2012 (the "Agreement") with the mutual intention of resolving all disputes between them which arise from the allegations of the Complaint;

WHEREAS, Defendant submits to the jurisdiction of this Court and hereby makes a general appearance in this matter; and

WHEREAS, this Court has jurisdiction over the subject matter of this controversy pursuant to 15 U.S.C. § 1121(a) (Lanham Act jurisdiction), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (trademark and copyright jurisdiction) and 28 U.S.C. § 1338(b) (unfair competition jurisdiction);

THE COURT HEREBY ORDERS, ADJUDGES AND DECREES:

1. <u>Permanent Injunction</u>. Defendant and its past and present officers, directors, servants, employees, partners, parent entities, subsidiaries, affiliates, representatives, licensees, related companies, shareholders, successors, assigns,

attorneys and agents, and all persons in active concert or participation with Defendant or with any of the foregoing, hereby agree to permanently refrain from:

(a) Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, displaying, offering for sale or selling any good or service under any of the PRIMA Marks, or any other mark, name, symbol, design or logo that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that Defendant caused to enter the stream of commerce originate or have their source with Plaintiff, or are sponsored, licensed, or endorsed by Plaintiff, or are authorized by Plaintiff, or are connected or affiliated with Plaintiff;

(b) Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, displaying, offering for sale or selling any good or service under any of the PRIMA Marks or any other mark, name, symbol, design or logo that is confusingly similar to or a reproduction, counterfeit, copy, or colorable imitation of, or incorporates, the PRIMA Marks;

(c) Using PRIMA or any other mark or name that is confusingly similar thereto in or as part of a domain name or a company name;

(d) Falsely implying Plaintiff's endorsement of any of Defendant's commercial activities, Defendant's goods or services, or Defendant's business;

(e) Representing that Plaintiff has endorsed, sponsored, licensed, approved, or is affiliated with Defendant or Defendant's products or that Defendant's products are affiliated or connected with Plaintiff's products;

(f) Seeking to register any of the PRIMA Marks or any other mark, name, symbol, design or logo that is confusingly similar to or a reproduction, counterfeit, copy, or colorable imitation of, or incorporates, the PRIMA Marks in any country of the world; and

(g) Assisting, inducing, aiding or abetting any person or business entity in engaging in or performing any of the activities referred to in sub-paragraphs (a) to (f), inclusive, above.

2. <u>Delivery and Destruction of Infringing Articles</u>.  Within *thirty* court days of the Parties' entry of this Judgment by the Court, Defendant shall:  (a) destroy, erase or alter all labels, tags, packaging, boxes, advertising materials, marketing materials, and any other physical objects in its possession, custody, or control so as to terminate all uses of the PRIMA mark; and (b) delete or alter all electronic media under its control (including, without limitation, web pages and metatags) so as to remove all uses of the PRIMA mark.

3. <u>Notification to Customers</u>.  Within *thirty* court days of the Parties' entry of this Judgment by the Court, Defendant shall notify all distributors and retailers of its products that Defendant is not authorized to use the PRIMA mark and does not have the authority or right to grant any third party, including said distributors or retailers, permission to use the PRIMA mark.

4. <u>Change of Corporate Name</u>.  Within *thirty* court day of the Court's entry of Judgment, Defendant will change its corporate name with the appropriate governmental entity of Chile from Prima Agrotrading, S.A. to Priagro, S.A., and will take action within its control to change the listing of its company name anywhere else in the world from Prima Agrotrading, S.A., to Priagro, S.A.

5. <u>Cancellation, Abandonment, Withdrawal, and Relinquishment of Trademark Registrations and Applications</u>.  Within *thirty* court days of the Court's entry of Judgment, Defendant will cancel, abandon, withdraw, or relinquish, as the case may be, any trademark registrations or pending applications anywhere in the world to register PRIMA or any other mark, name, symbol, design or logo that is confusingly similar to or a reproduction, counterfeit, copy, or colorable imitation of, or incorporates, the PRIMA Marks.

6. <u>Transfer of Website</u>.  Within *thirty* court days of the Court's entry of

the Judgment, Defendant shall transfer to Plaintiff or its designated agent or representative ownership of the domain name <<prima-agrotrading.cl>>. Defendant shall cooperate with Plaintiff as reasonably necessary to effect the transfer.

7. <u>Monetary Payment</u>. Defendant acknowledges that it has paid the sum of USD $5,000 to Plaintiff by company check to resolve this case.

8. <u>Proof of Compliance</u>. Within *forty-five* court days of the Court's entry of the Judgment, Defendant shall serve upon Plaintiff a declaration under penalty of perjury that it has complied with the terms of the Judgment and the Agreement, including the measures described in Paragraphs 2-5 *supra*. The format for this proof of compliance is attached hereto as **Exhibit A**.

9. <u>Attorneys' Fees and Costs</u>. Each party shall bear its own attorneys' fees and costs arising out of, related to, or incurred in this action, except as provided in the Agreement and in paragraphs 7-8 *infra*.

10. <u>Violation of Judgment – Contempt of Court</u>. In the event that any part of this Judgment is violated by Defendant, or by any of its present or former officers, directors, agents, servants, employees, shareholders, partners or representatives, or by any person in active concert and participation with Defendant that receives notice of this Judgment, Plaintiff may file and serve a motion for contempt seeking damages, attorneys' fees, expert witness fees, and/or other appropriate relief.

11. <u>Violation of Judgment -- Prevailing Party Fees and Costs</u>. In an action or proceeding based upon an allegation that a party has violated this Judgment, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees, expert witness fees, and other costs incurred in connection with the action or proceeding. This paragraph shall not be construed to limit any party's rights, remedies or procedural options.

12. <u>Binding Effect</u>. This Judgment shall be binding upon and inure to the

benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, agents, affiliates, all entities which are "related companies" within the meaning of 15 U.S.C. § 1055, and other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Judgment by personal service or otherwise.

13. <u>Continuing Jurisdiction</u>.  This Court shall retain jurisdiction to enforce this Judgment and the Agreement.

14. <u>No Territorial Limit</u>.  This Judgment shall be enforceable against any of Defendant for any acts that violate this Judgment that occur inside and/or outside of the United States of America.

15. <u>Final Judgment</u>.  This Judgment shall be a final adjudication of all claims alleged by Plaintiff in this action, and this Judgment is not appealable.

SO ORDERED:

Date: *June 12, 2012*

*S. James Otero*
United States District Court Judge

*Approved as to content and form:*

PLAINTIFF GERAWAN FARMING, INC.

By:_____   Date: _____
Name:_____
Title:_____


DEFENDANT PRIMA AGROTRADING, S.A.

By:_____   Date: _____
Name:_____
Title:_____

W02-WEST:2PAB1\404866137.1